Filed 11/27/24 V.C. v. Superior Court CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| V.C., | C101867 |
| Petitioner, | (Super. Ct. Nos. JD242561, JD242562) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES et al., | |
| Real Party in Interest. | |

1

Petitioner is the father of dependent minors C. (age 17) and V. (age 6). He seeks an extraordinary writ to vacate the orders of respondent Sacramento County Superior Court (juvenile court or court) terminating his reunification services and setting a hearing pursuant to Welfare and Institutions Code section 366.26.[1] (Cal. Rules of Court, rule 8.452.) Petitioner contends the juvenile court erred in finding return of the minors to his care and custody would subject them to a substantial risk of detriment. (§ 366.21, subd. (f)(1).) We agree, but decline to order return of the minors as petitioner requests. We shall issue a preemptory writ of mandate directing the juvenile court to vacate its findings and orders made at the August 15, 2024, 12-month review hearing and to conduct a new hearing and enter appropriate findings and orders as discussed in this opinion, based on any and all evidence up to the date when the new hearing is held.

BACKGROUND

In March 2023, the minors were removed from petitioner's custody in Santa Cruz County due to petitioner's substance abuse. The Santa Cruz County Superior Court took jurisdiction over the minors and ordered reunification services for petitioner. The matter was transferred to Sacramento County. Over the course of the next 13 months, petitioner completed his court-ordered services, working with the Sacramento County Department of Child, Family and Adult Services (Department).

By the time of the 12-month review hearing on August 15, 2024, petitioner had been testing negative for controlled substances for approximately seven months. Despite his seven months of sobriety and his completion of services, the Department expressed concern about his ability to complete his treatment objectives, meet the minors' needs, and provide for the minors' safety, protection, and well-being. There were no concerns expressed about petitioner's current sobriety.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

The juvenile court terminated petitioner's reunification services and set the matter for a section 366.26 hearing. The court adopted the Department's recommended findings and orders, which included a finding by a preponderance of the evidence that return of the minors to petitioner's physical custody "would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the children."

We provide more specific information on the proceedings in the juvenile court as necessary in our Discussion, below.

DISCUSSION

Petitioner contends the juvenile court abused its discretion and failed to state a factual basis for its finding of detriment. We agree that the court's findings were inconsistent and lacked sufficient factual bases such that error appears, as we next explain.

Section 366.21, subdivision (f)(1) provides in relevant part that, at the permanency hearing, the superior court "shall order the return of the child to the physical custody of their parent . . . unless the court finds, by a preponderance of the evidence, that the return of the child to their parent . . . would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." If the child is not returned to their parent, "the court shall specify the factual basis for its conclusion that the return would be detrimental." (§ 366.21, subd. (f)(2).)

Section 366.21, subdivision (g) provides that where the time period in which the court-ordered services were provided met or exceeded the time period set forth in section 361.5, subdivision (a)(1)(A) [12 months after the child entered foster care for a child three years of age or older] and the child was not returned to their parent, the court shall "[c]ontinue the case for up to 6 months for a permanency review hearing, provided that the hearing shall occur within 18 months of the date the child was originally taken from the physical custody of their parent," but shall do so "only if it finds that there is a substantial probability that the child will be returned to the physical custody of their

3

parent . . . and safely maintained in the home within the extended period of time or that reasonable services have not been provided to the parent . . . . "  (§ 366.21, subd. (g)(1).)

By the time of the August hearing, petitioner had received approximately 17 months of services.  As relevant here, the juvenile court declined to order the minors returned and did not continue the case to the date 18 months from their removal, because it found there was *not* a substantial probability they would be returned to petitioner's physical custody and safely maintained in his home within the extended time period. (See § 366.21, subd. (g)(1).)  Although the court acknowledged petitioner "made *substantial* progress in his services" (italics added) and "commend[ed] him for maintaining his sobriety," it nonetheless also adopted the Department's recommended findings and orders, some of which appeared to contradict these acknowledgements of success.  As relevant here, the court found that "the return of the children [] to the physical custody of [petitioner] would create a *substantial risk of detriment to the safety, protection, or physical or emotional well-being* of the children" as well as that "[t]he extent of progress made by [petitioner] toward alleviating or mitigating the causes necessitating placement has been *minimal*" and that petitioner had "*failed to participate regularly and make substantive progress* in a Court-ordered treatment plan."  (Italics added.)  The adopted recommendations further stated:  "The foregoing findings are based on the following facts:  1. The father [petitioner] has engaged in reunification services inconsistency [*sic*]; 2. The father [petitioner] has not maintained consistent visitation with the children; 3. The children are placed in a concurrent home."  (Italics added.)

While the juvenile court did adopt and thereby make the finding that return of the minors to petitioner would create a substantial risk of detriment to their safety and well-being as required by section 366.21, subdivision (f)(1), it failed to specify a factual basis for this finding as required by section 366.21, subdivision (f)(2).  Instead, as we have set forth above, the court (through the Department) set forth the generalities that engagement

4

in services and visits had been inconsistent and referenced the minors' concurrent placement.

As petitioner points out, it is not clear that a factual basis supporting a detriment finding as to both minors appears on this record. In the juvenile court and also on appeal, the Department argues that father chose to visit the minors less often than was offered, and the visits were "not meaningful," apparently because father used his phone at times during the visits. The Department contends that "[t]he lack of quantity in visitation and contact with his children is concerning because it shows a failure to prioritize his children over his other responsibilities." "Recent choices" made by father, primarily regarding introducing his girlfriend to the minors before they were comfortable meeting her, were also cited in support of a detriment finding, as was a conversation with the teenage minor C. wherein petitioner "guilt-tripped" her. We agree with petitioner that these arguments focused primarily on visitation issues related to the teenage minor C. and did not specifically indicate, as required under section 366.21, subdivision (f), how either minor, let alone *both* minors, would be at *substantial risk of detriment* to their safety, protection, or physical or emotional well-being if returned to their father's physical custody.

"The goal of dependency court proceedings is not to engineer perfect parents, but to protect children from harm." (*In re J.M.* (2020) 50 Cal.App.5th 833, 848.) Here, as in *J.M.*, failure to correct the problems with petitioner's parenting as described by the Department (as well as minors' counsel) would *not* have created a risk to these minors that was sufficient without more to support juvenile court jurisdiction. (See *id.* at p. 850.) We agree with petitioner that here the juvenile court appears to have found risk and ordered continued out-of-home placement and termination of services based on visitation issues, including some disagreements with C. and "recent choices" by petitioner that, although perhaps unwise and lacking empathy, certainly were not shown on the record before us to place both minors at risk of substantial detriment, which was the ultimate finding.

Further, we agree with petitioner that the record contains very little information regarding risk to V.; indeed, the only evidence apparent from the record is that V. expressed no concerns about return to father and wanted to return home. The Department does not respond to this argument in its responsive letter brief. Although in the juvenile court, minors' counsel observed regarding V. that it was in the minors' "best interest" to live in the same home, that is not the test. Nor is the test whether V.'s current placement provided more unspecified "care" to him than would his return to petitioner. The test is *substantial* risk of detriment to *each* minor's physical or emotional well-being. This " 'cannot mean merely that the parent in question is less than ideal, did not benefit from the reunification services as much as we might have hoped, or seems less capable than an available foster parent . . . .' [Citation.] In applying this standard, the juvenile court should consider only whether the parent shows a 'grasp of the important parenting concepts–things such as a child's need for security, adequate nutrition and shelter, freedom from violence, proper sanitation, healthcare, and education.' " (*In re E.D.* (2013) 217 Cal.App.4th 960, 965.)

In addition to the unsupportive state of the record before us, as we have set forth above, the juvenile court adopted the recommended finding that petitioner failed to participate regularly and make substantive progress in his court-ordered treatment plan and found the corresponding factual basis that petitioner's engagement in reunification services was inconsistent. Both findings were directly contrary to the court's oral findings that petitioner had made substantial progress in his services and had maintained his sobriety. These findings cannot be reconciled.

For all of these reasons, the findings and orders entered at the 12-month review hearing must be vacated and we must order further proceedings to allow the juvenile court to make new findings and orders based on any and all evidence up to the date when the new hearing is held, including but not limited to specifying a factual basis for any

6

detriment finding and making appropriate findings regarding petitioner's progress in his court-ordered treatment plan.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent Sacramento County Superior Court to (1) vacate its findings and orders after the August 15, 2024, hearing, including the order setting the section 366.26 hearing for December 12, 2024, and (2) conduct a new 12-month review hearing within 30 days of issuance of the writ, making the appropriate findings and orders consistent with the requirements of section 366.21, subdivisions (f) and (g), as discussed in this opinion.  If at the conclusion of the new 12-month review hearing the court sets a section 366.26 hearing, said hearing shall be completed within 60 days of issuance of the writ or 30 days after conclusion of the new 12-month review hearing, whichever is sooner.  This decision is final forthwith as to this court.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)


                                      /s/
Duarte, Acting P. J.


We concur:


        /s/
Krause, J.


        /s/
Boulware Eurie, J.